GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Michael Anthony Stephens,<br>Defendant. | No. CR 23-00125-002-PHX-DJH<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

Defendant Michael Anthony Stephens ("Defendant" or "Stephens") pleaded guilty to Count 1 of the Information, Misprision of a Felony. The United States recommends that Defendant receive a sentence of time served and a term of one year of supervised release.

The United States agrees with the Presentence Report ("PSR") calculations resulting in a Total Offense Level of 14 and Criminal History Category I.[1] (ECF 70.) This results in a Guidelines range of 15–21 months' imprisonment. The time served recommendation is supported by the following Memorandum of Points and Authorities.

---

[1] The United States communicated with the presentence report writer both telephonically as well as via electronic mail after the draft PSR was filed. The government advised that it agreed with defense's objection to the inclusion of fentanyl in the calculation of the base offense level. (ECF 69 pp. 1-4) The final PSR reduced the base offense level from 19 to 17.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS AND PROCEDURAL HISTORY

The government charged Defendant Stephens first by way of Indictment (on January 31, 2023) and then by way of Information (on January 31, 2024). The parties entered into a plea agreement on February 28, 2024, where Stephens pleaded guilty to Misprision of a Felony, in violation of 18 United States Code § 4. (ECF 61.) At the change of plea proceeding Defendant Stephens agreed with the facts set forth in the plea agreement. (ECF 62.) Sentencing is scheduled for May 13, 2024. As of that date, Defendant Stephens will have been in custody for 445 days, which is just short of 15 months (the low-end of the Sentencing Guidelines).

## II. UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Stephens receive a time served sentence, followed by a term of one year of supervised release. As calculated in the PSR, Defendant Stephens has a Total Offense Level of 14, Criminal History Category I, and a Guidelines range of 15–21 months' imprisonment. The United States will dismiss the Indictment at the time of sentencing, as to this defendant.

### A. A Time Served Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States

submits that a time served sentence for Defendant Stephens is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

**1. Nature and Circumstances of the Offense**

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant Stephens' offense are serious. (PSR ¶¶ 7-14.) It will result in a felony conviction, nearly 15 months spent incarcerated, and one year of supervised release.

**2. Defendant's History and Characteristics**

Defendant Stephens has had a turbulent life. Both his parents and a brother have passed away; he is thrice divorced; and due to a workplace injury, he became addicted to pain medication. (PSR ¶¶ 39-45.)

**3. Seriousness of the Offense**

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As noted, Stephens' conduct is serious, and the time he has spent incarcerated reflects the seriousness of his crime.

**4. The Need for Adequate Deterrence**

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A prison sentence is appropriate to deter Defendant from committing future crimes. The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Stephens' sentence must be sufficient to deter him and other persons who may consider engaging in similar conduct.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). The public has been protected during the time Stephens has spent incarcerated. Supervised release will, hopefully, continue to protect the public from him engaging in future criminal activity, which will also serve to protect the public.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). Stephens' history of mental and substance abuse issues (PSR ¶¶ 46-51) can be addressed while he is on supervised release. Successful treatment could also help to protect the public from any future crimes.

## B. A One-Year Term of Supervised Release is Appropriate under § 3583(c)

The United States recommends that Stephens be placed on supervised release for one year. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It is also necessary to protect the public from further crimes by Stephens and to deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

# III. CONCLUSION

The United States recommends that Stephens receive a time served sentence. The United States further recommends that Defendant receive a term of one year of supervised release. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 7th day of May, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 7, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Theron M. Hall, III
Counsel for Defendant Stephens

*s/ J. Schesnol*
U.S. Attorney's Office